**George Albert ELLINGTON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14675.**

Court of Criminal Appeals of Oklahoma.

Sept. 17, 1969.

Robert O. Swimmer, Oklahoma City, for plaintiff in error.

Curtis P. Harris, Dist. Atty., Albert J. Hoch, Asst. Dist. Atty., Oklahoma County, for defendant in error.

NIX, Judge:

Plaintiff in Error, George Albert Ellington, hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma County, case number 33077, with the crime of Indecent Exposure. He was tried by a jury, found guilty, and sentenced by the trial judge to serve a term of four years in the penitentiary. From that judgment and sentence he has appealed to this Court alleging three assignments of error.

The evidence, from the record, appears that the complaining witness, Mrs. Thelma Hurdle, parked her car in the vicinity of S.W. 25th and Hudson, and went into a department store. As she passed defendant's car, which was parked directly in front of hers, she testified as follows:

"A. Well, I had parked by a meter and I saw this man in front of me in his car at a meter. A car pulled out in front of him and he pulled up in the spot and I pulled up behind him. I left my car. He remained in his. We went in different stores. As I came back by he was still in his car and was exposing himself.

Q. Describe to us what you mean by exposing himself.

A. He was seated in his car with his trousers undone and playing with his privates."

Officer R. J. Melton, the arresting officer, testified that after receiving the call, he and his partner went to the location and parked. He got out of the car, and the following transpired:

"A. As I approached this vehicle, I observed the Defendant buttoning his jeans. He had on a pair of Levis that buttoned up the front. He was still looking over his shoulder, not at me at any time until I said something to him. *He was still exposed as I approached the*

*car.* Upon asking the Defendant to step out, he had buttoned his jeans crooked. He had missed a button. *As he stepped out of the car he was still partially exposed.* At that time he was advised that he was under arrest for indecent exposure. At that time he was also advised of his rights and taken to headquarters." (emphasis ours)

The defendant testified that he had just failed to button up his trousers, and that any exposure was "accidental".

Defendant's first assignment of error is that the demurrer to the evidence should have been sustained where a mere "negligent" exposure was shown. However, this is not the only evidence that was presented, and since it was conflicting, presented a question of fact for the determination of the jury.

Many of the cases cited by defendant in support of this assignment are not similar in factual situation to the instant case, and do not apply herein. This Court has held repeatedly, as in another exposure case where the defendant was seated in a car, McGowan v. State, Okl. Cr., 380 P.2d 274:

"Where the evidence is conflicting and different inferences may be drawn therefrom, it is the province of the jury to weigh the evidence and determine the facts."

Under the evidence presented, the theory of mere negligence was not believable to the jury, and it was their sole prerogative to weigh the evidence and reach a conclusion—which they did. Two witnesses testified to the facts as stated above that the defendant was playing with his private parts at the time of the incident and therefore was aware of the exposure; and, that the exposure was still taking place some time later when the officer arrested him. This was more than sufficient evidence to support the charge, and to support the verdict of the jury. We find this allegation to be without merit.

Defendant's second assignment of error refers to Instruction number 4, wherein the trial court instructed the jury as to punishment enhanced by legislation subsequent to the filing of the information. Upon examination of the record herein, we do not find any objections nor exception to the stated instruction. Nor was this raised in the motion for new trial. In the case of Groom v. State, Okl.Cr., 419 P.2d 286, this Court stated:

"Alleged error in giving of instructions will not be considered on appeal, in absence of an exception saved to the giving of the instruction unless so erroneous as to mislead and confuse the jury as to the issue of the case, or is of such fundamental nature as to deny defendant due process."

Also, the jury did not fix the punishment, no fine was imposed by the Court, nor is there anything to show that either the court or the jury ever considered a fine, and the only portion of the statute which was different went to the amount of fine to be assessed. There is no question as to the verdict of the jury as to punishment, for the jury left the punishment to the Court. Therefore, we must assume that the jury was not influenced by the fact that the trial court had given instructions which provided for a fine greater than provided by the law in effect.

This Court has consistently held that where counsel for an accused sits by and offers no objection to the court's instructions, requests no instructions, and does not present the question to the trial court at time of trial or raise the issue in the motion for new trial, it will not be considered on appeal; where examination of the entire record shows that there was not a miscarriage of justice, nor did it constitute a substantial violation of a constitutional or statutory right.

And, as stated in Austin v. State, Okl.Cr., 419 P.2d 569:

"All of the instructions given by the court should be considered and where they fairly and fully present the issues involved, and no fundamental error occurs whereby the defendant has been prejudiced or deprived of a substantial right the case will not be reversed on appeal."

Defendant's last assignment of error is that the punishment is excessive. This Court cannot agree with this. The sentence of four years is well below the maximum which can be given a *first offender*, which the defendant is NOT. By his own testimony he has several previous felony convictions. There is certainly nothing in the record nor in the amount of sentence imposed to indicate to this Court that the trial judge was prejudiced or unfair in imposing sentence.

It is, therefore, the opinion of this Court that the judgment and sentence should be, and the same is affirmed.

BRETT, P. J., and BUSSEY, J., concur.