**Jessee Allen HILL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–16208.**

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Jessee Allen Hill, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County with the offense of Robbery with Firearms; his punishment was fixed at seventy-five (75) years imprisonment, and he appeals.

Briefly stated, the evidence at the trial adduced that on April 9, 1970, Randall Sinnett was at his home, 712 S.E. 41st Street in Oklahoma City, eating breakfast about 7:25 a. m. when a man entered the house, pointed a sawed-off shotgun and demanded his car keys. Sinnett gave up the keys and the man went out, but was unable to start the car. The police arrived and the man fled to the rear of the house. Sinnett identified the defendant in court as the man with the gun.

Major Purser, of the Oklahoma City Police Department, testified that he was in the vicinity of 712 S.E. 41st Street that morning and saw the defendant standing beside a car in front of that address holding a sawed-off shotgun. The man fled to the rear of the house and jumped the back fence. Purser left another officer there and drove around the black to 713 S.E. 42nd Street. Purser called out that police had the area surrounded and ordered the man to come out without a gun. The defendant emerged from behind shrubbery at

786

the house on 42nd Street, without a gun. Officer Hendricks found a loaded sawed-off shotgun in the shrubbery in which the defendant had been hiding. The police were in pursuit of the man as a result of a different incident than that related by Sinnett. Purser identified the shotgun as a Sears 20 gauge, having a 13 inch barrel.

James Nelson testified that he was in the kitchen at 712 S.E. 41st Street that morning. His testimony did not differ materially from Sinnett's. Nelson testified additionally that the defendant first demanded Nelson's car keys and when it developed that Nelson did not have his keys, defendant then took Sinnett's keys.

Officer Hendricks, of the Oklahoma City Police Department, testified substantially as did Major Purser about the arrest of defendant and seizure of the shotgun. He also testified that police had been in pursuit of defendant for some fifteen minutes.

The defendant did not testify, nor was evidence offered in his behalf.

The defendant's first proposition alleges that the evidence does not support the verdict of the jury. This Court has consistently held that it is the exclusive province of the jury to weigh the evidence and determine the facts, and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

The defendant's final proposition contends that the punishment was excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and that we do not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Johnson v. State, Okl.Cr., 386 P.2d 336.

From the foregoing recital of facts, we cannot conscientiously find that the sentence imposed shocks the conscience of the Court. The sanctity of one's home should be protected as much, if not more, than that of banks and business establishments.

In conclusion, we observe that the record is free of any error which would justify modification or reversal; the punishment imposed is within the range provided by law. The judgment and sentence is accordingly affirmed.

NIX and BRETT, JJ., concur.