John Wesley DAVIS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16890.

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

John Wesley Davis, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Assault with a Deadly Weapon with Intent to Kill, After Former Conviction of a Felony. His punishment was fixed at thirty (30) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Donald Lord testified that on the evening of October 17, 1970, he was at the Lime Creek Bar, that he engaged in a fight with a person known to him as Leroy, and during the fight his glasses were broken. He left the bar, went home and got another pair of glasses and a gun, and returned. Upon returning, he engaged in another fight with Leroy, wherein the second pair of glasses were broken and his gun was taken from him. He left the bar going toward his car, wherein the defendant said something to him, he turned, and the defendant fired a shot, striking him in the neck.

Dr. Miller testified that he treated Eugene Lord in the emergency room of St. Anthony's Hospital. He said that Lord had been shot in the neck and that the bullet was lodged about one inch away from the spinal cord.

Officer Burrows testified that he arrived at the Lime Creek Bar at approximately 11:40 p. m. on the 18th of October, 1970, and observed Donald Lord slumped against the wall bleeding.

The defendant did not testify, nor was any evidence offered in his behalf. The former convictions were stipulated, too.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that it is the exclusive province of the jury to weigh the evidence and to determine the facts, and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

■ The final proposition contends that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and that we do not have the power to modify a sentence, unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Johnson v. State, Okl.Cr., 386 P.2d 336. From the foregoing statement of facts, and considering that this is the defendant's third Felony conviction, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

■ Defendant has filed a Pro Se "Amended Petition in Error," wherein he asserts that he was denied assistance of effective counsel during the presentation of evidence at his trial, and the discovery of new evidence. We need only to observe that the Record reveals that the defendant was represented at his jury trial by competent counsel, and that the defendant fails to state the nature or contents of the newly discovered evidence.

In conclusion, we observe that the Record is free of any error that would justify modification or require reversal. The judgment and sentence is affirmed.

NIX and BRETT, JJ., concur.