Johnny Albert **BRISENO, Jr., Appellant,**

v.

The **STATE of Oklahoma, Appellee.**

No. F–74–360.

Court of Criminal Appeals of Oklahoma.

July 22, 1974.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Johnny Albert Briseno, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–73–2885, for the offense of Assault and Battery with Intent to Commit Rape. His punishment was fixed at five (5) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At trial Sharon Kay Reynolds testified that on September 10, 1973, she was employed at the Woodpark Apartments in Oklahoma City. On that date about 2:45 p. m., a person who she identified in court as the defendant came in and asked to be shown an apartment. She then took defendant to apartment 203, an upstairs apartment, in building 3149. After looking at the apartment defendant slammed the door to that apartment shut, locked it, and then ripped Mrs. Reynolds' blouse. She screamed and then defendant commenced choking her saying he would kill her if she did not shut up. He then knocked her down and she started kicking the door. The witness then testified that she passed out at that time. The witness then testified that when she regained consciousness her underclothes were pulled down over her hips, a bra strap was broken and her neck was bruised and scratched. She then stated that she checked the apartment to see that the defendant was no longer present and then started back toward her office which was located in the apartment complex. On her way to the office she met Mary Lile.

Mary Lile testified that she was an assistant manager at the Woodpark Apartments and further testified that on September 10, 1973, a man, who she identified in court as the defendant, came into her office saying that his wife had been shown an apartment earlier and he asked Mrs. Reynolds to show an apartment to him. The witness stated that when Mrs. Reynolds did not return after approximately 15 minutes, she became concerned and started out to check on her. She met Mrs. Reynolds approximately half way between the office and the apartment that was being shown and she stated that Mrs. Reynolds'

mouth was bleeding, her bra strap was broken and that there were scratch marks visible on her.

Linda Hughes identified the defendant as the person she had seen with Mrs. Reynolds about 2:45 p. m. on September 10, 1973. She stated that she was positive that the defendant was that party as she paid particular attention to him as she thought he might be a new tenant in the complex.

Kenneth Roy Turner testified that he was employed at the apartment complex and that he had heard sounds of a struggle as he was walking by building 3149 on September 10, 1973. He stated that following those noises he saw the defendant coming down the steps "very hurriedly."

Jerry Glynn Turner testified that she worked in the nursery at the apartment complex. She further testified that on September 10, 1973, at approximately 2:45 p. m., she saw the defendant park in the back parking lot at the apartments.

Janice Morrison testified that she lived in apartent 103 of the Woodpark Apartments which is directly below apartment 203. She further testified that on September 10, 1973, at about 2:45 p. m., she heard a sound ". . . like someone had dropped something real big or was kicking . . . ." coming from apartment 203.

Officer Bill Harrison of the Oklahoma City Police Department testified that he interrogated the defendant in the city jail on September 11, 1973. Officer Harrison stated that he read the defendant his rights in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and at that time the defendant indicated that he wanted a lawyer. The officer testified that he then terminated the questioning. He further testified that he returned that afternoon and indicated to the defendant that he was not questioning him, nor was he soliciting a response, but was informing him that State charges were going to be filed. The witness then testified that the defendant thereupon admitted the assault.

■ Defendant asserts in his first proposition of error that the verdict was not supported by the evidence. This Court has repeatedly stated that questions of fact involving the guilt or innocence of the accused are always for the jury to decide and the finding of the jury will not be disturbed on appeal when the record discloses facts which would have been sufficient either to warrant a verdict of acquittal or to support a verdict of guilty. Williams v. State, Okl.Cr., 373 P.2d 91 (1962) and Disheroon v. State, Okl.Cr., 357 P.2d 236 (1960). A review of the record indicates that there was competent evidence in the record to support a verdict of guilty. We therefore find no merit to this proposition.

■ Defendant asserts as his second proposition of error that the punishment assessed was excessive. This Court has stated repeatedly that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Davis v. State, Okl.Cr., 490 P.2d 775 (1971), Hill v. State, Okl.Cr., 481 P.2d 785 (1971), and Clouse v. State, Okl.Cr., 389 P.2d 1002 (1964). After a study of the facts and circumstances presented in this case, we cannot conscientiously say that the sentence is so excessive as to shock the conscience of the Court. We therefore find no merit to this proposition of error.

The judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.