**Wayne Eugene FORTUNE, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–75–504.**

Court of Criminal Appeals of Oklahoma.

April 21, 1976.

Donald W. Davis, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Kenneth Lisle, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Wayne Eugene Fortune, hereinafter referred to as defendant, was conjointly charged with Tyrone Fails, subsequently tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–3778, for the offense of Robbery in the First Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 791. His punishment was fixed at a term of seventy-five (75) years' imprisonment. From this judgment and sentence, the defendant has perfected a timely appeal to this Court.

The State's first witness at trial was Wayne Smith who testified that on November 6, 1974, he was employed as a relief personnel at Little Jim's Store located at 2901 North Walker, Oklahoma City, Oklahoma, during the hours of 3:30 p. m. until midnight. At approximately 11:00 p. m. that evening, he was robbed by two males who entered the store while he was waiting on other customers at the checkout counter. After all the customers had de-parted the store, one of the males, with his hand under his shirt, approached him from the rear and he did not know whether or not the man was concealing a gun. He identified in court the defendant as being the man who had approached him that evening. He testified that the defendant told him to get the money out of the cash register, whereafter he told the defendant that the cash register was jammed and he could not open it. Pursuant to the defendant's instructions, he picked up the cash register and dropped it and then bent down in an attempt to open it. At this point he felt something hit him in the back. He further testified that the defendant and the other male, a juvenile, fled with approximately $200.00 and a glass jewelry case containing blank pistols, rings, crosses and other trinkets. After the robbers had left he called the authorities and gave them a description of the two males. He stated that the robbers were in the store for approximately 20 to 25 minutes.

Carlve Riley Ervin testified that he presently resided at Boley, a State institution, as the result of his participation in a robbery with Wayne Eugene Fortune and Tyrone Fails on the 6th of November, 1974. He said that at approximately 11:00 p. m. that evening he was riding around with them in a white Ford Galaxie and upon passing Little Jim's Store he was told to rob the store. He went in and bought some bubble gum. Shortly thereafter, defendant came in with his hand in his shirt and, pursuant to defendant's order, the store employee dropped the cash register on the floor, whereafter he and defendant left with the money which had been contained therein. They also took a glass display case from the store which contained blank pistols. After leaving the store they drove to a railroad track. The car became stuck in a ditch so they exited the car and walked between some apartments where they dropped the glass case. While walking by the State Capitol they were arrested by the police. Thereafter, he was taken to the City Jail and later transferred to Berry

House and then Boley. He finally testified that he was 13 years of age.

On cross-examination he testified that he and the defendant and Fails had been drinking that evening. He also testified that at no time did he see the defendant kick the store clerk.

M. Fairchild testified that he was employed as a police officer with the Oklahoma City Police Department and was so employed on the 6th of November, 1974, on which day he went to work at approximately 11:30 p. m. Shortly after leaving the station that evening, he received a broadcast from the police radio dispatcher in reference to a robbery which had occurred at Little Jim's Store located in the 2900 block on North Walker. The broadcast gave a description of two black male suspects. Thereafter at approximately 12:35 a. m. at 23rd Street and Lincoln Boulevard, he observed three individuals, two of whom fit the description of the robbery suspects. He asked them to come over to the car at which time he observed the juvenile to have what appeared to be a gun in his hand. Officer Fairchild then drew his service revolver and advised the juvenile to drop the weapon. The juvenile dropped the weapon, and told the officer that it was only a blank pistol. Officer Fairchild then searched the juvenile and the other suspect, later identified as Tyrone Fails, and found a blank gun, assorted costume jewelry and rolls of coins. A search of the third individual, the defendant, revealed, "a set of keys, two rings, four quarters, four dimes, five pennies and one nickel." (Tr. 68)

William Greggory testified that he was employed by the Oklahoma City Police Department and was so employed on November 6, 1974. In the early morning hours of the 7th of November, 1974, he responded to a call to investigate some suspects in reference to a robbery. He testified that he assisted Officer Fairchild in the investigation and placed the juvenile suspect in his own patrol car. He later proceeded to a location where a white 1965

Ford was stuck in a ditch, adjacent to some railroad tracks. At this location Officer Greggory found $27.55 outside the car in some bushes.

Charles Wood testified that he was a police officer with the Oklahoma City Police Department and was so employed in the early morning hours of November 7, 1974, when upon receiving information concerning a robbery he proceeded to 36th and North Santa Fe Streets where he found a vehicle adjacent to the railroad tracks and which had three panes of glass in the back seat. An investigation of the area revealed articles of jewelry with price tags on them and a glass display case containing numerous rings, bracelets, necklaces, some blank pistol caps, cigarette lighters and a few pocket knives. The display case was located between two residential apartment buildings. The State then rested.

Tyrone Fails testified for the defense that on the 6th of November, 1974, he had loaned his car to Carlve Ervin, his cousin, at approximately 7:30 a. m. that morning. He stated that his cousin did not pick him up from work that afternoon and he then went to his mother's house to await his arrival. He testified that he waited at his mother's house until approximately 11:00 p. m. and then he, the defendant and defendant's brother went to Ervin's house to look for the car. After waiting there for approximately 15 minutes, Ervin and some other young people came running up to the house. He testified that Ervin subsequently took him to the railroad tracks where he had left the car. He testified that at the railroad track he got the car stuck and at that time became aware of Ervin's involvement in a crime. Thereafter, they began walking to defendant's house so that they could telephone for assistance in getting his car out of the ditch. While walking at 23rd Street and Lincoln Boulevard, they encountered police officers and were subsequently arrested.

Defendant's first assignment of error asserts that the circumstances of the defendant's pretrial identification were unneces-

sarily suggestive and conducive to irreparable mistaken identification, thus denying the defendant due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution. The defendant essentially contends that the prosecution witness Wayne Smith identified the defendant at the preliminary hearing without having previously viewed any lineup or photographs for the purpose of identification.

 The State urges, and we agree, that the identical argument was presented to this Court in *Roberson v. State*, Okl.Cr., 483 P.2d 353 (1971). The Court there rejected such an argument in citing with approval *Laury v. State*, Del.Supr., 260 A.2d 907 (1969), and further stated that a defendant is not automatically entitled to a lineup as a prerequisite to a courtroom identification. Id. at 355. Also see, *Grigsby v. State*, Okl.Cr., 496 P.2d 1188 (1972). In the instant case the identifying witness viewed the defendant at the time of the robbery inside a business establishment for a substantial period of time. The identification at the preliminary hearing and subsequent identification at trial was based upon the observation made at the time of the robbery. An in court identification is excludable only if the court finds there was a constitutionally impermissible and suggestive pretrial viewing or confrontation, *Grigsby v. State*, supra, at 1194, and we conclude after a careful examination of the record there exists no basis for excluding the in court identification of the defendant. For all the above and foregoing reasons we find the defendant's first assignment of error to be without merit.

The defendant's second assignment of error asserts the trial court erred in permitting the testimony of Carlve Ervin after the police had obtained a declaration and confession elicted from the 13-year-old juvenile out of the presence of counsel, parent, or the other participants in the crime, including the defendant.

The record reveals that proper notice was given to the defendant that the prosecution would call Carlve Ervin as a State's witness. Ervin's name was endorsed on the information. The record further reveals that Carlve Ervin took the stand and testified without any objection by the defendant. The record also fails to reflect any admission into evidence of a statement allegedly incriminating the defendant and made outside the presence of the defendant by Ervin.

 The general rule in Oklahoma is that the testimony of an accomplice can establish the corpus delicti. See, *Parnell v. State*, 96 Okl.Cr. 154, 250 P.2d 474 (1952). The testimony of Carlve Ervin was properly admitted into evidence and subsequently the trial court properly instructed the jury that if Ervin be found to be an accomplice, then the jury could not convict the defendant upon the testimony of Ervin unless that testimony was corroborated. For the above and foregoing reasons, we find the defendant's second assignment of error to be without merit.

The defendant's final assignment of error asserts that the trial court erred in admitting into evidence State's Exhibits Nos. 1 through 17. At trial Officer Fairchild described the various exhibits as follows: Exhibit No. 1, a blank pistol; Exhibit No. 2, a jacket carried by Tyrone Fails at the time of his arrest; Exhibit No. 3, a costume jewelry necklace; Exhibit No. 4, a cigarette lighter; Exhibit No. 5, a costume jewelry necklace; Exhibit No. 6, a costume jewelry ring; Exhibit 7, a costume jewelry ring; Exhibit No. 8, costume jewelry necklace; Exhibit No. 9, costume jewelry ring; Exhibit No. 10, costume jewelry earrings; Exhibit No. 11, a costume jewelry ring; Exhibit No. 12, a blank pistol, box of incense and a red hat; and, Exhibit No. 14, four rolls of change. Officer Fairchild testified the aforesaid exhibits were carried by Fails at the time of his arrest. Officer Fairchild identified State's Exhibit No. 13 as three blank pistols, two boxes of .22 caliber blank rounds of cartridges, three knives, two sets of keys and two rings. He identified Exhibit No. 15 as various paper rolls of money, rolls of coins and various separate coins.

Exhibits Nos. 13 and 15 were taken from the juvenile at the time of his arrest. Officer Fairchild identified State's Exhibit No. 16 as a set of keys, two rings, four quarters, four dimes, one nickel and five pennies, all of which were taken from the defendant at the time of his arrest. Officer Fairchild lastly identified State's Exhibit No. 17 as money which was found in the vicinity of the Ford Galaxie, stuck in a ditch near the railroad tracks as previously testified.

In *Spence v. State,* Okl.Cr., 353 P.2d 1114 (1960), this Court citing *Brannon v. State,* 39 Okl.Cr. 207, 264 P. 835 (1928), stated:

> " 'Where there is evidence tending to prove a conspiracy between defendant and others in the commission of the crime charged, and the defendant and such others soon after the commission of the crime are found together and arrested under circumstances tending to prove that the crime charged was committed by them jointly, weapons or other things connected with the crime charged found on the persons with defendant, are admissible against him.' "

Also in *Gouard v. State,* Okl., 335 P.2d 920 (1959), this Court in affirming a prosecution for burglary in the second degree, discussed the admissibility of exhibits in evidence against the defendant which constituted fruits of the crime. The Court stated in the Syllabus:

> "Before physical object allegedly taken in commission of burglary is admitted in evidence, it must be sufficiently connected with the crime itself by proper identification. However, it is not necessary that such identification should positively and indisputably describe such article. If it is sufficiently described to justify its admission in evidence, the lack of positive identification goes to the weight of such evidence rather than its admissibility."

Such a rule is no less applicable in judging the admissibility of the State's Exhibits in the instant case.

 Wayne Smith identified in court the defendant as the man who robbed him on November 6, 1974. He further testified that the defendant and the juvenile, with the defendant, took a glass jewelry case from the store which contained blank pistols, rings, necklaces, watches and other trinkets. The juvenile corroborated this fact. It is very probable that many of the items taken in the robbery were incapable of specific identification by Wayne Smith. We are of the opinion that the testimony at trial sufficiently identified and connected State's Exhibits Nos. 1 through 17 with the robbery and with the defendant to justify the admission of the exhibits into evidence. The lack of a positive identification by Wayne Smith did not effect the competency of the evidence but only the weight of the evidence. Also see, 22A C.J.S. Criminal Law § 709, page 952 and 77 C.J.S. Robbery § 46, page 487. For the reasons herein stated we find the defendant's final assignment of error to be without merit.

For all the above and foregoing reasons the judgment and sentence appealed from is, accordingly, *AFFIRMED.*

BRETT, P. J., and BUSSEY, J., concur.