James E. WRIGHT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–936.

Court of Criminal Appeals of Oklahoma.

March 8, 1977.

Irvin Owen, Shawnee, for appellant.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, James E. Wright, hereinafter referred to as defendant, was charged by information in Case No. CRF–76–165, with the crime of Burglary, Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1435, in the District Court, Pottawatomie County. The defendant was tried by a jury in a bifurcated proceeding. The jury found the defendant guilty and set punishment at ten (10) years in the Oklahoma State Penitentiary. The trial court suspended the last four (4) years of the sentence. From said judgment and sentence, the defendant brings this timely appeal.

Briefly stated, the evidence adduced at trial was as follows. During April, 1976, Kenneth Taylor's house, located in Shawnee, Oklahoma, was in the midst of construction. James Miller and the defendant went to Mr. Taylor's house to demonstrate insulation which they were trying to sell. While there, the defendant wandered throughout the house. The front entrance did not have a door installed at that time, but there was a sheet of fiberboard nailed over the opening. The back door entrance to the garage was being used to gain access to the house. There was a Honda TR–70 trail bike in the garage which belonged to Mr. Taylor's son. On April 29, 1976, when Mr. Taylor came to the house he found that the fiberboard nailed over the front entrance had been pulled off, and that the trail bike was not in the garage.

Ten days later, Mr. Taylor saw the trail bike parked behind an apartment house in Shawnee, Oklahoma, after having been summoned by his employee, Terry Stewart, who had discovered the bike earlier. Mr. Taylor checked the bike's serial number with his title and found that the serial numbers matched. He then called the police. The defendant prepared to ride away on the bike, and when confronted by Mr. Taylor he said that he had borrowed the bike from a friend. The police subsequently arrived on the scene and arrested the defendant.

At trial the defendant took the stand and admitted that he had taken the bike. He also acknowledged that he was, at the time of the theft, serving a two year suspended sentence for unauthorized use of a motor vehicle, in violation of 47 O.S.1971, § 4–102.

On September 20, 1976, the jury deliberated and returned a verdict of guilty of the charge of Burglary in the Second Degree. Then the trial court explained to the jury that they had completed the first stage of a bifurcated proceeding and called a recess until 9:00 a. m. the next morning. The court admonished the jury to refrain from discussing the case with anyone during the recess. After the jury had left the courtroom, the defendant moved for a mistrial, stating that it was error to allow the jury to go home before the second stage of the trial was completed. The court found that it was 5:15 p. m. and denied the motion for a mistrial.

The second stage of the trial proceedings was held on September 21, 1976, to determine whether the defendant was guilty of Burglary, Second Degree, After Former Conviction of a Felony. A certified copy of the original judgment and sentence in the defendant's former felony conviction for unauthorized use of a motor vehicle, Case No. CRF–75–394, was produced. There was testimony to the fact that defendant. had been convicted of the prior charge. Thereupon, the jury found the defendant guilty of Burglary, Second Degree, After Former Conviction of a Felony.

■ The defendant's first assignment of error is that the trial court erred in allowing the jury to separate after its verdict in the first stage of a bifurcated proceeding and prior to the submission of any evidence in the second stage of the proceeding. We find that this order resulted in no prejudice to the defendant, and this Court previously ruled in *Gatlin v. State*, Okl.Cr., 553 P.2d 204 (1976), that allowing the jury to separate under such circumstances did not constitute error.

■ Secondly, the defendant argues that the trial court erred in failing to give the defendant's requested instruction for the lesser included offense of unauthorized use of a motor vehicle, 47 O.S.1971, § 4–102. The definition of what constitutes an included offense is found in 22 O.S.1971, § 916, in which it is stated that:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

In the instant case the defendant was charged with burglary, second degree, in violation of 21 O.S.1971, § 1435. We need only observe that the crime of unauthorized use of a motor vehicle is not necessarily included within the crime of burglary,

second degree. Therefore, this assignment of error is without merit.

The defendant's final assignment of error is that the court failed to give defendant due consideration in view of the fact that he pled not guilty because he feared abuse in prison. The defendant has failed to support this argument with any citation of authority. This Court has consistently held that where the defendant has been deprived of no fundamental rights, we will not search the books for authority to support the assertion that the trial court erred. See, *Sandefur v. State*, Okl.Cr., 461 P.2d 954 (1969). The defendant has been deprived of no fundamental rights. In fact, counsel for the defendant seems to be complaining because the defendant chose to exercise his right to plead not guilty. Therefore, no error has been stated.

For the above and foregoing reasons, the judgment and sentence appealed from is hereby *AFFIRMED*.

BUSSEY, P. J., and BLISS, J., concur.