Dewey T. BALDWIN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–366.

Court of Criminal Appeals of Oklahoma.

June 25, 1979.

Rehearing Denied July 17, 1979.

Paul E. Blevins, Poplin & Blevins, Inc., Pryor, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Andrew Wilcoxen, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Dewey T. Baldwin, hereinafter referred to as defendant, was charged in the District Court, Rogers County, Case No. CRF–77–22, with the offense of Rape in the First Degree in violation of 21 O.S.1971, § 1114. He was found guilty of the offense of Assault With the Intent to Commit Rape, 21 O.S.1971, § 681, and his punishment was set by the jury at five (5) years' imprison-

ment. From said judgment and sentence, defendant has perfected an appeal to this Court.

Defendant asserts in the first assignment of error that the trial court erred in overruling his motion for a directed verdict. Defendant argues that the prosecutrix's testimony needed corroboration in that it was contradictory and unclear and that the State failed to prove his intent to commit rape. We are of the opinion that this assignment of error is wholly without merit.

██ The victim testified that she was twenty-six years old, not married, and living with her parents in Inola, Oklahoma. She makes money by doing housekeeping and babysitting, and on the day in question the defendant asked her to clean his apartment. While she was at his apartment he raped her. We agree with the finding of the trial court that "although she was apparently perhaps mentally retarded, I found her testimony to be cognate, believable and probably trustworthy." [Tr. 166]. We have repeatedly held that under such circumstances this Court will acknowledge the exclusive province of the jury to weigh the evidence and determine the facts and will not interfere with the jury's verdict even though there may be a sharp conflict in the evidence. See *Holding v. State*, Okl.Cr., 568 P.2d 332 (1977); *Duffey v. State*, Okl. Cr., 514 P.2d 421 (1973); *Bryant v. State*, Okl.Cr., 478 P.2d 907 (1970) and *Haga v. State*, Okl.Cr., 422 P.2d 221 (1966). We would further observe that the testimony of the prosecutrix was corroborated by the testimony of Dr. Holt who testified that he found traumatic abrasions around her vagina.

██ Defendant contends in the second assignment of error that the rape statutes of this State, 21 O.S.1971, § 1111, et seq., are unconstitutional in that they violate the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. Inasmuch as this contention was never raised in the District Court, we

hold that it is not properly before us. Compare *Ellington v. State*, Okl.Cr., 462 P.2d 322 (1969).

██ Defendant alleges in his final assignment of error that the punishment is excessive. We have repeatedly held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and this Court does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. *Briseno v. State*, Okl.Cr., 525 P.2d 654 (1974); *Hill v. State*, Okl.Cr., 481 P.2d 785 (1971); and *Clouse v. State*, Okl.Cr., 389 P.2d 1002 (1964). Considering the nature of the offense and that it was committed by a police officer upon a slightly retarded epileptic female, we cannot find that the punishment imposed shocks the conscience of this Court.

The judgment and sentence is accordingly *AFFIRMED*.

CORNISH, P. J., and BRETT, J., concur.