Johnny Lee PORTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–307.

Court of Criminal Appeals of Oklahoma.

May 20, 1980.

Leslie R. Earl, Jr., Public Defender, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., Michael Lee Bardrick, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Johnny Lee Porter appeals from his conviction in Tulsa County District Court, Case No. CRF–78–1396, for the offense of Assault and Battery With a Dangerous Weapon, 21 O.S.1971, § 645, which resulted in a sentence of four (4) years and one (1) month in the penitentiary.

The relevant evidence at trial may be summarized as follows: The thrust of the State's case was that the prosecuting witness was pulled from his house when he opened his front door to investigate a commotion on his porch, and was beaten by defendant about the head with a shovel, resulting in injuries requiring his hospitalization. The defense theory of the case was that defendant and a companion went to the prosecuting witness' residence on an errand, but defendant was struck—and both defendant and his companion were chased from the porch and menaced—by the prosecuting witness, who indisputably was in possession of a stick, whereupon defendant struck the prosecuting witness several times with a shovel in his necessary self-defense.

The first assignment of error pertains to jury instruction No. 7[1] which covered the privilege of self-defense. Defendant first urges in this regard that the instruction was so confusing and complicated as to be reversible error, within *Neal v. State*, Okl. Cr., 597 P.2d 334 (1979). However, the instruction in *Neal* contained an internal inconsistency, to wit: the jury was instructed in one part that one need not retreat in order to act in self-defense, but instructed in another part that one must use any reasonable means to avoid the danger before exercising the privilege. This inconsistency was exacerbated by the prosecutor's closing argument. No such circumstances appear in this case.

■ Defendant also contends in this regard that the trial court erred by giving Instruction No. 7 without also giving an instruction further defining the term "aggressor" used therein, and cites *Scaggs v. State*, Okl.Cr., 417 P.2d 331 (1966) and *Townley v. State*, Okl.Cr., 355 P.2d 420 (1960). However, the cases cited dealt with a unique factual situation: in both *Scaggs* and *Townley*, the accused, who was concededly the aggressor initially, asserted in defense that he had withdrawn from the affray so that he ceased to be the 'aggressor,' but was later set upon by the vengeful victim from the earlier affray, who thereupon became the 'aggressor,' therefore warranting defendant to act in self-defense. The jury instructions were held, in those cases, to not adequately cover defendant's theory of defense. In contrast, defendant's defense in the case at bar is that he was never the aggressor and, in fact, the prosecuting witness was the one who struck the first blow. We are of the opinion that Instruction No. 7 adequately instructed on the meaning of the term 'aggressor' and covered this aspect of defendant's theory of defense. The first assignment of error is without merit.

■ The defendant contends as his second assignment of error that the trial court erred by refusing to submit an instruction on Aggravated Assault and Battery, 21 O.S.1971, § 646[2], allegedly a lesser included offense to that charged, Assault and Battery With a Dangerous Weapon, 21 O.S.1971, § 645[3]. However, 'lesser included offense' is defined as any offense the commission of which is necessarily included in that with which accused is charged. Title

1. You are instructed that the right of self-defense is given to the citizen for his protection and it cannot be pleaded as a defense and relied upon for an acquittal by one who, himself, is the aggressor. But one who is not the aggressor and is in a place where he has a right to be, when violently assaulted, or when by the hostile conduct or demonstration of another, he is induced to apprehend a design on the part of the latter, to take his life or inflict upon him some great bodily harm, may, without retreating, stand his ground and resort to the use of such force and violence as to him seems reasonably necessary for his own safety, even to the taking of life, and such killing will be justified on the ground of self-defense, even though such danger was not real, but apparent. And in this case unless you shall find from the evidence facts and circumstances, during the trial, that the Defendant was the aggressor, you will determine therefrom as to whether or not the Defendant had reasonable grounds to apprehend that he was in imminent danger of losing his life or of receiving some great bodily harm at the time of the occurrence, and in so doing you will view the same from the standpoint of the Defendant who acted upon them, and from no other standpoint."

2. Section 646:

"An assault and battery becomes aggravated when committed under any of the following circumstances:
(1) When great bodily injury is inflicted upon the person assaulted;
(2) When committed by a person of robust health or strength upon one who is aged or decrepit."

3. Section 645:

"Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five (5) years, or by imprisonment in a county jail not exceeding one (1) year."

22 O.S.1971, § 916. It is readily apparent that Aggravated Assault and Battery requires proof, alternatively, of great bodily injury to the victim or an attack by one of robust health on one who is decrepit, neither of which is an element of Assault and Battery With a Dangerous Weapon. Therefore, the former is not a lesser and included offense of the latter, and the trial court was correct in refusing the requested instruction. See *Wright v. State*, Okl.Cr., 561 P.2d 556 (1977); *Oglesbay v. State*, Okl.Cr., 411 P.2d 974 (1966).

Defendant contends as his final assignment of error that misconduct by the prosecutor in closing argument resulted in the imposition of excessive punishment. The prosecutor informed the jury of his years of experience in such matters and recommended that the jury impose the maximum sentence allowable—five (5) years. However, the jury returned a verdict of four (4) years and one (1) month, which is well within the maximum provided by law, and which does not appear excessive in view of all the circumstances of this case. Therefore, even if the remarks were error, no prejudice is shown to have resulted, and this assignment of error is without merit. See *Glasgow v. State*, Okl.Cr., 572 P.2d 290 (1977); *Bird v. State*, Okl.Cr., 362 P.2d 117 (1961).

Therefore, finding nothing in the record which would justify modification or reversal, the judgment and sentence appealed from is *AFFIRMED*.

CORNISH, P. J., and BRETT, J., concur.