**Larry TUBBS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–12.**

Court of Criminal Appeals of Oklahoma.

July 13, 1981.

Rehearing Denied Aug. 13, 1981.

Jerry C. Cude, Cude & South, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, JUDGE:

Larry Tubbs was convicted of Second Degree Rape in the District Court of Comanche County, Oklahoma, Case No. CRF–78–170, and sentenced to one (1) year imprisonment.

At the trial, the State presented evidence that the appellant, an eighteen (18) year old male, had sexual intercourse with the prosecutrix, M.L., a fourteen (14) year old female, at her home. The appellant was identified by both M.L. and her next door neighbor, C.B., who saw the appellant climb down from M.L.'s second story bedroom window.

■ It is first argued that the appellant was effectively denied his right to counsel as provided by the Sixth Amendment to the U.S. Constitution and Article II, § 7 of the Oklahoma Constitution because counsel appointed for the preliminary hearing was engaged in a trial at the time of the appointment that was not completed until one day before the preliminary hearing.

The record indicates that at the preliminary hearing, the Judge stated that he would allow a continuance for the purposes of defense if the appellant wished to put on any evidence. The defense counsel and the court then had an off the record discussion, after which the motion for continuance was overruled. The appellant raised no specific allegation of prejudicial harm after this opportunity for a continuance was offered and then denied. We, therefore, find that the appellant's right to effective assistance of counsel was not violated.

■ The appellant next contends that the rape statutes of this State, 21 O.S.1971, § 1111, *et seq*, are unconstitutional in that they violate the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. Inasmuch as this contention was never raised in the district court, we hold that it is not properly before us. *Baldwin v. State*, 596 P.2d 1269 (Okl.Cr.1979). Further, the U.S. Supreme Court has recently held that California's "statutory rape" law, § 261.5 of the California Penal Code, which is essentially identical to the Oklahoma statute under which the appellant was charged, did not violate the Equal Protection Clause of the Fourteenth Amendment. *Michael M. v. Superior Court of Sonoma County*, —— U.S. ——, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981).

■ The last assignment of error alleges that evidence was not sufficient to prove the appellant's guilt beyond a reasonable doubt. After careful examination of the record, we find the testimony of the prosecutrix was not inherently improbable or unworthy of credence and, together with the in-court identification made by her next door neighbor, presented sufficient evidence for the jury to find the appellant guilty.

For the above reasons, it is the opinion of this Court that the judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P. J., dissents.

BUSSEY, J., concurs.

BRETT, Presiding Judge, dissenting:

I feel compelled to dissent to this decision because I believe the prosecutrix's testimony should have been properly corroborated, considering the facts of this case.

The prosecutrix admitted that she had lied in the past, and her reputation for not being truthful was testified to by other witnesses at trial. She admitted on the witness stand that she had told some people the person in her room that day was named James, and two of the witnesses testified that she had previously told them she liked a person named James. She testified further that she only reported the incident after her mother forced her to, by threatening that her parents would be put in jail if she did not testify. Case law in Oklahoma has established that where the testimony of the prosecutrix is contradictory, uncertain, improbable or impeached, it should be corroborated in order to warrant a conviction. *Holding v. State*, 568 P.2d 332 (Okl.Cr.1977).

The State produced the witness, Carrie Bowman, in an effort to corroborate the identification of the appellant. She testified at the preliminary hearing that she lived next door to the prosecutrix and on the day in question she saw a black man slide down the side of the house and pass the front of her house. *At the preliminary hearing* she identified the appellant as the man she saw climbing out of the window that day. She could not judge his height and she had trouble describing his clothing.

Ms. Bowman testified that, "He had a plaid cap on and a heavy jacket," and that "It was a cap with a bill on it." She was asked, "What kind of heavy jacket?" She replied, "Well, it had different colors in it, but I don't know what color it was anymore." Defense counsel inquired further, "You don't know what color it was?" Ms.

Bowman replied, "No I don't." Counsel then asked, "Was it some kind of mackinaw type thing?" The witness testified, "I'm not quite sure, but I think it was, cause it was a heavy jacket."

This witness testified further that she had seen the appellant one other time before the preliminary hearing. That time was when she was in the district attorney's office.

An in-court identification is excludable in Oklahoma only if the court finds there was a constitutionally impermissible and suggestive pretrial viewing or confrontation. *Grigsby v. State*, 496 P.2d 1188 (Okl.Cr. 1972); *Fortune v. State*, 549 P.2d 380 (Okl. Cr.1976). The trial court found, based upon the evidence presented, that Carrie Bowman's in-court identification of the appellant on the date of the alleged crime was not contaminated by any in-court activity or lineup. However, one can argue that Carrie Bowman's in-court identification should have been excluded on the basis of her testimony at the preliminary hearing that she had seen the appellant previously in the district attorney's office; and that she was taken to the preliminary hearing specifically to identify the appellant, who was the only black man in the room. Also, her description of his clothing was contrary to the testimony of the prosecutrix and that of other witnesses who testified as to what the appellant wore, or owned, at the time in question.

Other factors that enter into my dissent are: that no investigation was ever made of the scene of the crime; that no attempt was made to obtain any physical evidence; and the prosecutrix was never given a physical examination. I would reverse and remand this conviction with instructions to dismiss, unless the State is able to provide proper corroboration of the prosecutrix's testimony.