**Melvin Chad MAHORNEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–157.**

Court of Criminal Appeals of Oklahoma.

May 24, 1983.

Frank H. McCarthy, Deputy Chief Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

The appellant, Melvin Chad Mahorney was tried for the crime of First Degree Rape in violation of 21 O.S.1971 § 1114, in Tulsa County District Court Case No. CRF–80–1042. The jury found the appellant guilty of First Degree Rape After Former Conviction of Felonies pursuant to 21 O.S. Supp.1978, § 51, and set punishment at fifty-one (51) years' imprisonment.

On the night of March 31, 1980, C.R. and her two small children retired for the evening at approximately 11:00 p.m. In the early morning hours of April 1, 1980, she awoke to the sound of a man's voice whispering her name. On first glance she thought the man was her ex-husband, but then realized he was a stranger. The stranger, Melvin Chad Mahorney, climbed over C.R.'s sleeping daughter and told her he had seen her undressing earlier in the evening. The appellant told her to remove her bra and began to kiss her and then penetrated her. Once the intercourse began, the appellant displayed a knife to her. Afterwards, the appellant gave the knife to C.R. and ordered her to put it next to the bed. The appellant again began to kiss her and she begged him not to do so in front of her children. The appellant led C.R. to the living room where he placed a quilt on the floor and again had intercourse with her. After the intercourse, a conversation ensued and the appellant professed his love for C.R. After a short period of time, the appellant allowed C.R. to return to the bedroom while he slept on the living room floor. C.R. attempted to use the telephone but found it was inoperable. She climbed out the bedroom window and ran to a neighbor's house. After she awoke her neighbor, she told her what had happened and asked her to call the police. Until the police arrived, C.R. watched her children through the open bedroom window. The police found the appellant sleeping on the living room floor and arrested him.

■ The appellant first contends that the statute under which he was convicted, 21 O.S.1971, § 1114, violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. He specifically claims that the statute is discriminatory based upon sex. This Court has addressed this identical issue and held the statute constitutional based on the U.S. Supreme Court decision of *Michael M. v. Superior Court of Sonoma County,* 450 U.S. 464, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981), wherein the Supreme Court reviewed a California statute essentially identical to our own and found it constitutional. See *Tubbs v. State,* 631 P.2d 758 (Okl.Cr.1981). (This writer dissented in *Tubbs* on different grounds.) Accordingly this contention is meritless.

■ In his next assignment of error the appellant contends the prosecutor made prejudicial remarks during voir dire which warranted the trial court granting a mistrial. The incident assigned as error occurred when the prosecutor remarked: "The presumption of a person being innocent was designed to protect those persons who are indeed, not guilty of a crime. But was not intended to let those who are guilty escape justice." The appellant cites *Neal v. State,* 597 P.2d 334 (Okl.Cr.1979), and *Robinson v. State,* 574 P.2d 1069 (Okl.Cr.1978), as authority for his contention. In both cases the prosecutors made comments regarding the presumption of innocence, which are similar to the comment in the present case. A review of those decisions shows, however, that reversal or modification was based on an accumulation of errors at trial, not merely a single comment. After reviewing the entire record in the case at bar, it is this Court's opinion that the prosecutor's statement, although unnecessary, did not aid the jury in determining the appellant's guilt or innocence. The evidence herein was overwhelming. See, *Chaney v. State,* 612 P.2d 269 (Okl.Cr.1980). Nor do we believe the comment caused the jury to assess a longer sentence as alleged by the appellant. The fifty-one year sentence is well within the statutory bounds provided by law, 21 O.S.1971, § 1115, and is not so excessive as to shock the conscience

of this Court. *Edwards v. State,* 645 P.2d 528 (Okl.Cr.1982).

Over the appellant's objection, the trial court allowed a witness, the neighbor of the victim, to testify regarding statements made by the victim to her immediately following the rape. The appellant claims the statements were hearsay, which is correct. However, the statements were properly admitted as excited utterances, an exception to the hearsay rule. 12 O.S.1981, § 2803(2).

■ Excited utterances relate or describe a specific event while the declarant is under the stress of excitement caused by the event or condition. Such statements are held to be reliable because the nearness in time to the stimulating event excludes the possibility of premeditation and fabrication. *Bishop v. State,* 581 P.2d 45 (Okl.Cr. 1978). The words spoken by the prosecutrix to the neighbor were definitely excited utterances as she had just been raped, climbed out the window leaving her attacker in the house with her children, and had gone to a neighbor to seek help. The neighbor described the prosecutrix as "hysterical" when she spoke to her. Thus, no error occurred when the testimony was admitted at trial.

■ The appellant's fourth assignment of error is directed at four instances of alleged prosecutorial misconduct. The first two instances occurred during the cross-examinations of the appellant and his brother. The prosecutor asked the appellant a question to which no response was given. The jury was admonished to disregard it, which cured any error. *Coats v. State,* 589 P.2d 689 (Okl.Cr.1978). We also find no error in the question asked to the appellant's brother on cross-examination since the question was invited by defense counsel's line of questioning on direct examination.

■■ The other two alleged errors occurred when the prosecutor referred to the appellant as a "good samaritan" and a "dam wild man." The right of argumentation encompasses a discussion of the evidence and any inferences therefrom. *Wac-*

*oche v. State,* 644 P.2d 568 (Okl.Cr.1982). Although this Court will not condone such remarks, they were not so improper as to effect the jury's verdict. See *Cowles v. State,* 636 P.2d 342 (Okl.Cr.1981). The appellant's fourth assignment of error is without merit.

In his fifth assignment of error, the appellant alleges that the trial court erred in failing to grant a mistrial when the prosecutor asked the appellant if his prior conviction involved a woman. After defense counsel entered his objection, the trial court admonished the jury not to consider the question.

▪▪▪ Error, if any, is usually cured by admonishing the jury unless the error appears to have determined the verdict. *Jones v. State,* 595 P.2d 1344 (Okl.Cr.1979). The evidence against the appellant was overwhelming. Any error which may have occurred was cured by the admonition.

▪▪ The appellant claims in his sixth assignment of error that the trial court erroneously allowed the State to elicit testimony from witnesses and argue in summation to the jury that he failed to deny his guilt after being arrested and confronted by the prosecutrix at the scene. He submits that this was a violation of his right to remain silent. A thorough review of the record reveals that both the prosecutrix and a police officer were questioned whether the appellant said anything to C.R. after she entered the living room where the appellant was under arrest. However objections were not entered each time the question was asked and the grounds given for the objections entered were not the same as claimed on appeal. To properly preserve the record for review by this Court, the appellant must raise an objection at trial. *Hill v. State,* 589 P.2d 1073 (Okl.Cr.1979).

▪▪ A person has a clear constitutional right to remain silent from the moment he becomes a suspect. *Brown v. State,* 541 P.2d 242 (Okl.Cr.1975). However, before a purported comment at trial on the defendant's failure to deny his guilt will constitute reversible error, the com-ment must directly and unequivocally call attention to that fact. The testimony elicited from the witnesses did not do that. Furthermore, the prosecutor has a right in closing argument to discuss the evidence from his standpoint and all inferences and deductions arising therefrom. *Reeves v. State,* 601 P.2d 113 (Okl.Cr.1979). The comment by the prosecutor in closing argument was merely a comment on the evidence established at trial through both the appellant's testimony and the testimony of the State's witnesses. Consequently, this assignment of error is meritless.

The appellant maintains that the trial court erred in allowing the State to allege that he committed or attempted to commit other crimes. According to the appellant, the State's description of his actions as "skulking around the neighborhood" and "trying to find a way into a home of another person" accused him of being a criminal character and denied him a fair trial.

▪▪ This is not evidence of other crimes but only an implication of another crime and possibly only an implication that is apparent to defense counsel. *Alger v. State,* 603 P.2d 1154 (Okl.Cr.1979). The appellant fails to state what other crimes he was accused of committing, but alleges he was accused of attempting to commit various crimes. Although evidence of other crimes is admissible under limited circumstances, the State cannot offer evidence of the appellant's criminal character and claim it is not evidence of other crimes just because no actual crime has been committed. *Turner v. State,* 629 P.2d 1263 (Okl.Cr. 1981). However, improper evidence of another crime does not automatically result in relief if error is slight compared to the weight of evidence. *Lemos v. State,* 642 P.2d 279 (Okl.Cr.1982). In the present case there is only a possible implication, and error, if any, was harmless compared to the great weight of the evidence.

▪▪ The appellant further contends that because he offered to stipulate to his former convictions, the trial court erred in allowing the State to introduce copies of

the prior judgments and sentences into evidence. He claims that by supplying the jury with this information they were able to calculate how long he served on his prior sentences, which prejudiced him because the jury could discern the pardon and parole practices.

Neither the trial court nor the State was obligated to accept the appellant's stipulation. The State has the burden of proving former convictions and by introducing certified copies of the judgment and sentence with the name of the appellant thereon, this burden of proof is satisfied. *Gessman v. State,* 500 P.2d 1092 (Okl.Cr.1972). Since no error occurred, this contention is meritless.

In his ninth assignment of error, the appellant alleges that the court erred in allowing the prosecutor to recommend a sentence to the jury during closing argument. The prosecutor recommended a sentence of fifty-one (51) years to the jury and the jury returned the recommended sentence. On numerous occasions this Court has upheld cases where the prosecutor has recommended sentences to the jury. *Porter v. State,* 611 P.2d 278 (Okl.Cr.1980); *Linam v. State,* 569 P.2d 1006 (Okl.Cr.1977).

After a close examination of the closing argument, we are unable to find that the appellant has been prejudiced. The prosecutor made it abundantly clear to the jury that his recommendation was not binding on them and that it was their sole responsibility to fix the appellant's punishment. The sentence was well within the bounds of the law and not excessive in view of his prior convictions. We find no prejudice occurred. *Porter v. State,* 611 P.2d 278 (Okl. Cr.1980).

The appellant's final contention is that the twenty (20) year minimum sentencing provision was enacted in a bill which violates the constitutional prohibition against multi-subject legislation. Article 5, § 57, states: "Every act of the Legislature shall embrace but one subject which shall be clearly expressed in it's title. . . ." The appellant's final contention is totally without merit. This Court has addressed the identical issue and ruled that there is no violation of Article 5, § 57 of the Oklahoma Constitution. *King v. State,* 640 P.2d 983 (Okl.Cr.1982); *Williams v. State,* 648 P.2d 843 (Okl.Cr.1982).

The judgment and sentence is AFFIRMED.

BUSSEY, P.J., and CORNISH, J., concur.