## ROY JONES v. STATE.

No. A-1553.   Opinion Filed June 21, 1913.

(132 Pac. 914.)

1. **FALSE PRETENSES—Elements of Offense—Subsequent Acts.** A prosecution for obtaining money or other property under false pretenses must be based upon the facts as they existed at the time of, and be the condition precedent to, the parting with the property by owner.

2. **SAME.** A prosecution based upon a charge that one unlawfully, falsely, and feloniously, by color and aid of certain false token, writing, and pretense, to-wit, a certain bank check, etc., induced another to deliver him certain wares, goods, and merchandise, etc., cannot be maintained when the proof shows that the merchandise was sold on different dates, to be settled for at a subsequent date, and no check or other representation was made until after the transaction was completed, and then such check was mentioned and given only in settlement of indebtedness theretofore incurred.

(Syllabus by the Court.)

*Appeal from District Court, Major County;*
*Jas. B. Cullison, Judge.*

Roy Jones was convicted of obtaining money under false pretenses, and appeals. Reversed and remanded.

*Brady & Willis,* for plaintiff in error.
*Smith C. Matson,* Asst. Atty. Gen., and *J. S. Estes,* for the State.

ARMSTRONG, P. J.   The plaintiff in error, Roy Jones, was convicted in the district court of Major county, at the June, 1911, term, on a charge of unlawfully obtaining certain merchandise from one R. E. Case. The information alleges that the plaintiff in error, with intent on his part to cheat and defraud another, to wit, R. E. Case, unlawfully, falsely, fraudulently, and feloniously, by color and aid of certain false token, writing, and pretense, to wit, a certain bank check, etc., did

induce the said Case to deliver to him certain goods, wares, and merchandise to the amount of $12.55.

The proof on behalf of the state discloses the fact that R. E. Case lived at Barney, and was engaged in the general merchandise business; that at the time the merchandise in question was sold to Jones he was running a restaurant in said town; that there was a picnic in progress, which lasted three days; that the purchase of the merchandise was made by Jones of Case on three or four different days, and the amounts charged on account; that afterwards, in settlement of the account, Jones gave Case a check, which check was not honored by the bank upon which it was drawn. Case, the prosecuting witness, testified to this state of facts, and admitted that when he sold the goods he expected to collect for them later in cash, and did not expect to be given a check.

The Attorney General has confessed error in this case, and in the confession says:

"The evidence of the prosecuting witness clearly shows that the goods were sold on three different days, and that at the time the defendant first purchased goods from the prosecuting witness it was arranged and agreed between the two that the goods should be paid for at the end of the second or third day; that a picnic was then being held at the place, and the goods bought to be paid for at the close of the picnic. No check was ever mentioned, nor other representation made until the fourth day afterward, when the parties went over the account and made settlement, and the check was then given in payment thereof and accepted by the prosecuting witness. While it may be that defendant intended to defraud the prosecuting witness out of the goods, yet it is clear that no false token was made the basis thereof, and no reliance, therefore, placed thereon by the prosecuting witness."

This statement correctly presents the conditions in this case. There is absolutely no merit in the prosecution, and a verdict of acquittal should have been directed by the trial court. In order for the plaintiff in error to be found guilty, the charge must be proved as laid in the information.

A prosecution for obtaining money or other property upon

false pretenses must be based upon facts as they existed at the time of, and be a condition precedent to, the parting with the property by the owner. If one buys merchandise on time, and later gives a bad check in an attempt to pay the debt, there is no false pretenses, and such transaction does not come within the purview of section 2694, Rev. Laws. A bad-check artist has few friends, and a person who uses such checks and obtains credit, knowing they are worthless when given, can be prosecuted under this provision. But if he obtains the property first, and at a subsequent date gives a bad check in payment, the charge will not lie. *Ex parte Wheeler,* 7 Okla. Cr. 562, 124 Pac. 764.

The judgment is reversed and the cause remanded, with direction to the trial court to dismiss the prosecution.

DOYLE and FURMAN, JJ., concur.