Marvin E. COOTS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-76-346.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1977.

Rehearing Denied March 9, 1977.

John B. Ogden, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., John J. Powers, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Marvin E. Coots, hereinafter referred to as defendant, was charged with the offense of Obtaining Merchandise by Means and Use of a False and Bogus Check, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1541.2, and was tried and convicted in the District Court, Oklahoma County, Case No. CRF-75-2831. Pursuant to the jury's verdict, the defendant was sentenced to serve a term of ten (10) years in the custody of the State Department of Corrections. From said judgment and sentence, the defendant brings this appeal.

The State called Helen Young as its first witness. Mrs. Young testified that she was employed as a secretary-bookkeeper for Southwest Tile Distributors, Inc., located in Oklahoma City, Oklahoma. She stated that on December 6, 1974, the defendant came into the store to pick up some marble win-

dow sills which he had ordered previously. Mrs. Young figured defendant's invoice, and he wrote a check for the amount due. She identified defendant as the man who gave her the check, and she identified State's Exhibit No. 1 as the check which he gave her. Mrs. Young testified that she observed the defendant write the check and sign it. The amount of the check was $127.82. When Mrs. Young received the check from the defendant, she notified the marble shop, in the rear of the store, that the defendant was on his way there to pick up the marble. The defendant then obtained the merchandise which he had ordered. Mrs. Young deposited the check at the bank, and it was returned marked "account closed." She called the defendant and his wife on two or three occasions, and they assured her that the debt would be paid. The amount due was never paid. Mrs. Young stated that she would not have parted with the merchandise if she had not received the check.

On cross-examination, Mrs. Young testified that Southwest Tile Distributors, Inc., does not sell on credit unless the customer has established a credit account. She said that she did not think it unusual that the defendant wrote "Southwest Tile Company" on the check instead "Southwest Tile Distributors, Inc.," because many customers wrote checks that way. Southwest Tile Company was purchased by Southwest Tile Distributors, Inc.

The State next called Harvey Young as its next witness. He testified that he was employed as the manager for Southwest Tile Distributors, Inc., and was so employed on December 6, 1974. He said that the defendant came into the store that day and purchased some marble and paid for it with a check. Mr. Young identified State's Exhibit No. 1 as the check which defendant had written on that date. When the check was returned from the bank marked "account closed," Mr. Young attempted to call defendant several times, but never reached him.

On cross-examination, Mr. Young stated that he saw the defendant write out the check and did not question the fact that it was made payable to "Southwest Tile Company," as many of their customers did the same, and the bank honored the checks.

The State called Ed Kahoe as its next witness. Mr. Kahoe testified that he was employed by Southwestern Bank as Senior Vice President and Cashier, in charge of records and personnel operations, including checking account records. The defendant had a checking account with Southwestern Bank. The bank records disclosed that the bank closed the account on January 24, 1974, because of an overdraft in the account. The records further disclosed that the last deposit made into the account was on December 15, 1973. Mr. Kahoe identified State's Exhibit No. 1 as the check written by defendant to the Southwest Tile Company, dated December 6, 1974, which was returned by the bank marked "account closed." The check had been presented for payment on December 9, 1974.

Mr. Kahoe testified on cross-examination that when an account is overdrawn, the bank sends a letter notifying the holder of the account of that fact.

Following Mr. Kahoe's testimony the State rested, as did the defense.

The jury returned a verdict of guilty on the charge of Obtaining Merchandise by Means and Use of a False and Bogus Check, in violation of 21 O.S.1971, § 1541.2. In the second stage of the bifurcated proceeding the State and the defense stipulated that the defendant had previously been convicted of Obtaining Money and Merchandise by Means and Use of a False and Bogus Check, Case No. CRF–69–1581; Obtaining Merchandise Under False Pretenses, Case. No. CRF–35–385; and, Obtaining Merchandise by Means and Use of a False and Bogus Check, Case. No. CRF–69–1958. All these convictions were rendered on June 14, 1971. The parties further stipulated that State's Exhibits Nos. 5, 6 and 7 were certified copies of the judgments and sentences in these cases. The defendant was then found guilty of Obtaining Merchandise by Means and Use of a False and Bogus Check, After Former Conviction of a Felony, in violation

of 21 O.S.1971, § 1541.2, and his punishment was assessed at ten (10) years in the custody of the State Department of Corrections.

■ Defendant's first assignment of error is that the trial court erred in overruling defendant's motion to dismiss the information. Defendant contends that the information was in error because it stated that the defendant sought to obtain merchandise from Southwest Tile Distributors, Inc., when in fact the check which defendant wrote was made payable to Southwest Tile Company. In support of his assignment of error, defendant cites the case of *Jones v. State*, 9 Okl.Cr. 621, 132 P. 914 (1913), wherein this Court stated that the giving of the check must be the condition precedent to the parting of the property by the owner. That is precisely the situation in the instant case. The defendant ordered merchandise, and he paid for it by means of a check. He received the merchandise in exchange for the check, which subsequently was discovered to be a false and bogus check. For the defendant to argue that he wrote the check to Southwest Tile Company and did not use this check to obtain the merchandise from Southwest Tile Distributors, Inc., is contrary to the overwhelming weight of the evidence. It is clear that Southwest Tile Distributors, Inc., regularly received checks made payable to Southwest Tile Company and that the bank routinely honored those checks. This assignment of error is without merit.

■ The defendant also contends that the trial court erred in not granting the jury's request to define the term "prima facie evidence." The jury, during their deliberation, sent several notes to the trial judge. They asked: to see the bank statements; if this were a first offense; whether they could recommend leniency; and, for the aforementioned definition of prima facie evidence. The judge, in compliance with 22 O.S.1971, § 894, brought the jury into court in the presence of counsel for the State and counsel for the defense. The judge told the jury that they should read the instructions very carefully and make their decision, noting that he had to be very careful about giving further instructions.

The defense attorney did not request the definition of prima facie evidence when the instructions were given, nor did he request said instruction when he was shown the notes which the jury had sent to the trial judge. He was fully aware of the situation. Yet, he made no request to the court for a definition of prima facie evidence. This Court stated in *Pumpkin v. State*, Okl.Cr., 295 P.2d 819 (1956), that where the defendant desires definition of a term he should request the same. Therefore, the defendant failed to preserve this argument for appeal.

■ The defendant's third assignment of error is that the prosecutor argued to the jury that the defendant did not take the witness stand. We observe initially that the defendant failed to support this assignment of error with citation of authority. We have studied the transcript thoroughly and do not find a single instance where the prosecutor commented on the failure of the defendant to take the stand. He did make the comment that the State's evidence was uncontradicted. This Court has previously stated that it is proper for the prosecutor to state that the evidence is uncontradicted when the defendant fails to offer any evidence. *Spears v. State*, 97 Okl.Cr. 249, 261 P.2d 464 (1953). Therefore, this assignment of error is without merit.

For all the reasons set forth above, we are of the opinion that the judgment and sentence appealed from should be, and the same is, hereby, AFFIRMED.

BUSSEY, P. J., and BRETT, J., concur.