L. V. DRENNON, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–743.

Court of Criminal Appeals of Oklahoma.

July 10, 1978.

Claud H. Smith, Ardmore, for appellant.

Larry Derryberry, Atty. Gen., Julia T. Brown, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, L. V. Drennon, hereinafter referred to as the defendant, was charged, tried and convicted in the District Court, Carter County, Case No. CRF–76–241, for the offense of Attempting to Obtain Controlled Drugs by Forged Prescription, After Former Conviction of a Felony, in violation of 63 O.S. 1971, § 2–406. His punishment was fixed at thirty (30) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Dennis Camp testified that he was a pharmacist employed at Gibsons in Ardmore. On the morning of December 16, 1976, a prescription was presented to him by the defendant to be filled. He was familiar with the signature of Dr. Don Wilson and recognized the prescription to be a forgery. He told the defendant it was not a legitimate prescription and requested that he remain until the police arrived. The defendant stated that he was picking it up for someone else and could not wait. The prescription was for Preludin, an appetite suppressant and had listed upon it Dr. Wilson's DEA registration number AW 2130956. He testified on recross-examination that the defendant handed the prescription to one of the clerks who in turn handed it to him.

The parties stipulated that if Dr. Don Wilson were present, he would testify that he did not write or issue the prescription. He did not know either the defendant or Clint Smith whose name appeared on the prescription.

Detective David Willingham testified that he arrested the defendant on December 24, 1976. He identified State's Exhibits Nos. One and Two as cards found on defendant's person on which Dr. Wilson's DEA number was written.

For the defense, Edna Albert testified that she left her daughter with the defendant on December 16, 1976, at approximately 10:30 a.m. Defendant was living with his sister at the Mt. Zion Apartments.

Elvira Rambo, defendant's sister testified that he was living with her on December 16, 1976. He babysat for Edna Albert that morning.

The defendant testified that he did not attempt to fill the prescription at Gibsons. He spent the day of December 16, 1976, babysitting for Edna Albert. He did not see the officers remove the cards from his billfold nor did he have any knowledge concerning the cards. He admitted previous convictions for assault with a dangerous weapon, burglary and obtaining merchandise by false and bogus check.

■ The defendant asserts in his first assignment of error that the trial court erred in admitting hearsay testimony of Detective Willingham that Dennis Camp told him that he received a forged prescription. We agree that such testimony was hearsay if it was admitted to prove that Camp received a forged prescription but disagree with defendant's assertion that it contributed to the verdict. It has long been the rule in this State that the admission of hearsay evidence is not grounds for reversal unless the defendant was injured thereby. See *Russell v. State*, 41 Okl.Cr. 71, 270 P. 339 (1928). Inasmuch as the evidence was merely cumulative to the testimony of Dennis Camp and the stipulation as to Dr. Wilson's testimony, it is readily apparent that the defendant was not injured by its admission. We therefore find this assignment of error to be without merit.

■ For his second, third and fourth assignments of error, the defendant generally asserts that the verdict is not supported by the evidence. We have consistently held that it is the exclusive province of the jury to weigh the evidence and where the verdict is based on probable testimony, this Court will not interfere with the verdict even though there is a sharp conflict in the evidence. *Grayson v. State*, Okl.Cr., 565 P.2d 681 (1977). Suffice it to say that the evidence of the State was clearly sufficient to support the verdict of the jury.

For his final assignment of error, defendant alleges that the punishment is exces-

sive. We do not deem it necessary to discuss this assignment of error in that the sentence must be modified for the reasons stated in the following paragraph.

The defendant has filed a pro se brief in which he urges three additional assignments of error. We have carefully examined each and find that the second and third assignments generally cover the same assertions of error that have been previously discussed. The Attorney General confesses that the defendant's contention that 21 O.S. Supp. 1976, § 51(B) is unconstitutional is correct. This issue was put to rest by this Court in the recent case of *Thigpen v. State*, Okl.Cr., 571 P.2d 467 (1977). For the reasons stated in *Thigpen*, supra, the judgment and sentence is hereby MODIFIED to a term of twenty (20) years' imprisonment and as so MODIFIED the same is AFFIRMED.

CORNISH and BRETT, JJ., concur.