**Hiawatha PERRY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–297.**

Court of Criminal Appeals of Oklahoma.

April 11, 1979.

Don L. Wyatt, Saunders & Wyatt, Ada, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., James G. Wilcoxen, Legal Intern, for appellee.

OPINION

CORNISH, Presiding Judge:

Hiawatha Perry was convicted in the District Court, Pontotoc County, of the crime of Renting a Motor Vehicle by Means of a False and Bogus Check. His punishment was assessed at one (1) year imprisonment and a fine of Three Hundred ($300.00) Dollars. We affirm.

On the night of August 3, 1977, the appellant hired a taxi to take him from Tulsa to Ada. Upon arrival, appellant wrote a $90.00 check which was accepted by the cab driver as his pay. On the morning of August 4, 1977, the driver attempted to cash the check at several stores; later at the bank on which the check was drawn he was informed that the account was closed and that the bank would not honor the check. Members of the appellant's family were contacted but their efforts to make the check good were unsuccessful. All other attempts to contact appellant and collect the fare failed, therefore, the check was turned over to the Pontotoc County District Attorney's Office.

■ The appellant's first assignment of error is that the trial judge erred in instructing the jury on rebuttable presumption. Appellant's record on appeal does not show that any objections were made to the instructions given by the trial judge, or that the appellant prepared desired instructions and requested they be given. In *Holloway v. State,* Okl.Cr., 550 P.2d 1352 (1976), we held that if defense counsel is not satisfied with the instructions to be given or desires the trial court to give particular instructions, or to more definitely or sufficiently state any proposition embraced within proposed instructions, it is his duty to prepare and present such desired instructions to the trial court and request they be given; and in the absence of such a request this Court will not reverse a case if the instructions generally cover the subject matter of inquiry. We are of the opinion that this holding is dispositive of this proposition.

Appellant's next assignment of error is that the trial court erred in failing to sustain his demurrer at the close of the State's case. He contends that he obtained the ride to Ada on the basis of his word to pay, thereby creating a credit agreement with the taxi driver. The appellant cites *Jones v. State,* 9 Okl.Cr. 621, 132 P. 914 (1913), where we held that a person who obtains property on credit and subsequently gives a bad check does not make himself guilty of false pretenses. Review of this case shows that we also held that a prosecution for obtaining money or other property under false pretenses must be based upon the facts as they existed at the time of, and be the condition precedent to, the parting with the property by the owner. Thus, it became a question of fact whether the cab driver drove the appellant to Ada upon the inducement of being paid by check or drove him to Ada under a credit agreement. In *Neal v. State,* Okl.Cr., 529 P.2d 526 (1974), we held that this Court will not interfere with a jury's determination of fact predicated upon legally sufficient evidence. Therefore, we hold this assignment of error to be without merit.

Appellant's third assignment of error is the failure of the trial court to give a directed verdict at the close of the trial. Our trial courts are limited in their power to interfere with the determination of facts, and where there are any facts from which a jury can legitimately deduce either of two conclusions, the motion should be denied. See *Crawford v. State,* Okl.Cr., 443 P.2d 766 (1968). We find no error in the court's denial of a directed verdict.

Appellant's last assignment of error is that the verdict was contrary to and in disregard of the court's instructions. We are of the opinion that our holding in *Neal v. State,* supra, is controlling.

Finding no reversible error, the judgment and sentence appealed from is *AFFIRMED.*

However, in view of the nature of the crime and the fact that appellant did make restitution, we would direct the trial court's attention to 22 O.S.1971, § 994.

BRETT and BUSSEY, JJ., concur.