**Randy Eugene SMITH, aka Randy Lee Smith, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–169.**

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1981.

Demetri Anastasiadis, Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., Tomilou Gentry Liddell, Legal Intern, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant, Randy Eugene Smith, was convicted in the District Court of Oklahoma County, Case No. CRF–79–1879, for Murder in the Second Degree. He was sentenced to twenty-five (25) years' imprisonment.

On May 2, 1979, Rachel Poppell and Polly Anna Hoffman, the deceased, were taking their nightly walk to the nearby Circle K convenience store. As they conversed, Poppell testified that she heard a "boom." Looking up, she saw Hoffman "glued" to the right front fender of a speeding car. The car carried Hoffman twenty-five (25) feet. The car fled the scene. Hoffman suffered a broken neck and died twelve (12) days later.

Paramount in Poppell's description of the speeding car was that it had an object flapping from the front passenger window. Poppell also recalled that the car was occupied by a driver with long hair and a passenger with frizzy hair.

Through an interview of Hoffman's friends, the police learned that the decedent had recently terminated a relationship with Randy Smith, the appellant. Poppell told the police that Smith was disturbed about the separation, and that he had stated that he would "get even" with her for breaking off their relationship.

Later that night, the police found Smith and Shelly McFarland asleep in a vehicle that generally matched Poppell's description of the speeding car. The automobile had recent damage on the right front fender and also sported a jacket hanging from the front passenger window. The appellant and McFarland also matched the description given by Poppell. The appellant was arrested the next day.

At trial, Smith pled as his defense an alibi. However, McFarland testified that she was riding with the appellant in his car on the night of May 2, 1979, and as they neared the Circle K, Smith swerved his vehicle to the extreme right of the road. McFarland heard a "thud" and looking back saw Poppell standing over a body in the road. McFarland further testified that she attempted to get the appellant to stop the vehicle. To such a plea, appellant replied: "Polly is fine."

Appellant cites as error by the trial court the following: (1) introduction of hearsay, (2) insufficient evidence presented by the State to prove Murder in the Second Degree, (3) failure to instruct the jury on manslaughter in the second degree and negligent homicide.

The appellant's first assignment of error asserts that the trial court erred in not declaring a mistrial when hearsay testimony was given by witness Rachel Poppell. The disputed hearsay statements concerned Poppell's testimony that the victim had told Poppell that Smith had threatened her the day before her death. The judge initially allowed Poppell to testify about the alleged threats. However, the judge quickly admonished the jury that the statements were hearsay, and were not to be considered. The judge stated that he misunderstood the prosecutor and thought that Poppell was present when the threat was made.

Prior to the above mentioned error, Robert Robinson, an ex-co-worker of Smith, testified that the appellant had told him that he would "get even" with Hoffman. This testimony was appropriately admitted.

In considering whether the reception of hearsay evidence is reversible error, all facts and circumstances of the case and the prejudicial effect that the evidence might have had on the jury must be weighed. *Young v. State*, 373 P.2d 273 (Okl.Cr.1962).

This Court finds that in the totality of the evidence against the appellant, Poppell's statement was not prejudicial, but at best a repetition of Robinson's testimony. Since the hearsay was cumulative, and the judge properly instructed the jury to disregard Poppell's statement, we find the appellant's argument without merit. *See, Lewis v. State*, 586 P.2d 81 (Okl.Cr.1978).

The appellant's next assignment of error alleges that the evidence was insufficient to support his conviction of Murder in the Second Degree.

For a trial court to deny a motion for a directed verdict, the State must submit evidence that reasonably sustains the allegations of the information. *Kent v. State*, 338 P.2d 1117 (Okl.Cr.1959). In respect to sufficiency of the evidence, there must be a factual basis on which the jury could have reasonably concluded that the accused was guilty as charged. *Akins v. State*, 91 Okl.Cr. 47, 215 P.2d 569, 575 (1950). From the testimony of Poppell as to the speeding car and its passengers, the testimony of co-worker Robinson as to the threats voiced by the appellant, and the testimony of Shelly McFarland describing the events that took place on the tragic night in question, it is clear that sufficient evidence was present to sustain the jury's verdict.

The appellant argues last that the trial judge erred when he refused to issue instructions on manslaughter in the second degree and negligent homicide. This Court has held that in a prosecution for murder, the trial court should submit the case to the jury for consideration on every degree of homicide which the evidence in any reasonable view suggests. *Waters v. State*, 87 Okl.Cr. 236, 197 P.2d 299 (1948). However, after a careful review of the record, we find no evidence to support instructions on second degree manslaughter or negligent homicide. *Jennings v. State*, 506 P.2d 931 (Okl.Cr.1973).

To be convicted of manslaughter in the second degree or negligent homicide, it must be shown that the defendant's "culpable negligence" or "reckless disregard" of others caused the death of another. 21 O.S.1971, § 716; 47 O.S.1971, § 11–903.

In this case, appellant does not claim that Hoffman was killed as a result of his "culpable negligence." To the contrary, appellant asserts the defense of an alibi. He insists that he was not in the area where the murder occurred. Such a defense, coupled with the trial record, negates any possible finding of culpable negligence on the part of the appellant. Accordingly, his requested instructions were properly denied.

For the reasons stated above, the judgment and sentence appealed from is hereby AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.