Ronnie Keith BANKS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–503.

Court of Criminal Appeals of Oklahoma.

Nov. 9, 1982.

John P. Zelbst, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Ronnie Keith Banks, was convicted of Delivery of Marijuana, After Former Conviction of a Felony, in Comanche County District Court, Case No. CRF–80–278, was sentenced to ten (10) years' imprisonment and fined five thousand dollars ($5,000.00), and he appeals.

Agent Joe Cantrell of the Oklahoma State Bureau of Narcotics and Dangerous Drugs testified that he first made contact with the appellant on May 26, 1980, and discussed purchasing marijuana. Cantrell testified he asked Banks if he could get a hundred (100) pounds of marijuana per week on a continuing basis, to which the latter responded in the affirmative, with the proviso that forty-eight (48) hours notice be given, so Banks could get it from his sources. Subsequently, an agreement was reached whereby Banks would provide Cantrell with the marijuana for two hundred and ten dollars ($210.00) per pound. On May 29, 1980, Banks sold Cantrell and another agent 78.75 pounds of marijuana for the sum of $16,535.00. Taped telephone conversations between Cantrell and Banks were admitted into evidence which paralleled Cantrell's testimony.

### I.

In one of his assignments of error, the appellant relies upon *Posey v. State,* 507 P.2d 576 (Okl.Cr.1973), for his contention that a defendant who has acted without interest or benefit of an alleged sale cannot be convicted as a seller even though his conduct may have facilitated the sale where the evidence shows no conspiracy or pre-arranged plan between the defendant and the seller. This argument is patently frivolous and wholly devoid of merit.

The "procuring agent" defense recognized in *Posey* was specifically overruled one year later in *Tipton v. State,* 528 P.2d 1115 (Okl.Cr.1974), after our legislature passed what is now codified as 63 O.S.1981, § 2–101(10).[1]

### II.

In another assignment of error, Banks alleges that the jury improperly disregarded the evidence of entrapment. The evidence of entrapment in this case was controverted and thus it became a matter of fact to be submitted to the jury on proper instructions. *Disheroon v. State,* 514 P.2d 685 (Okl.Cr.1973). As this Court has repeatedly held, where there are conflicts in the evidence, the weight to be given any piece of evidence is within the exclusive province of the jury and this Court will not interfere with the jury's determination. *Frazier v. State,* 624 P.2d 84 (Okl.Cr.1981). Suffice it to say, there was ample evidence presented at trial to support the finding of the jury. This assignment of error is without merit.

### III.

In another assignment of error, the appellant argues that the trial court erred by admitting testimony of a probation officer regarding Banks' history of parole and parole violation,[2] and failing to grant

---

1. 63 O.S.1981, § 2–101(10) reads as follows:
   "Deliver" or "delivery" means the actual, constructive or attempted transfer from one person to another of a controlled dangerous substance, whether or not there is an agency relationship.

2. The record reflects the following colloquy:
   [PROSECUTOR]:
   Q. And during the time he was under parole or any time from 1968, this is a judgment and sentence dated April 30th, 1968. Was he ever incarcerated for any reason?
   [WITNESS]:
   A. Yes, sir. He was sentenced to six years custody of the attorney general for a drug violation. And he was paroled on May the 21st, 1971 to the Western District of Oklahoma.
   Q. Was he ever incarcerated after the parole?
   A. Yes, sir. My record reflects that his parole was revoked on March the 8th, 1973.
   Q. How long did he remain in prison after that?
   A. He remained in prison until May the 9th, of 1974, when he was reparoled.
   Q. And when did his sentence expire?

his motion for a mistrial. A review of the record discloses that the prosecutor introduced the parole violation to provide evidence sufficient to meet the ten (10) year limitation of 21 O.S.1981, § 51A,[3] for the After Former Conviction of a Felony charge of the single stage proceeding. The record discloses that the appellant failed to timely object to the introduction of the testimony he now complains of, and has failed to properly preserve this issue for appeal. *Lavicky v. State,* 632 P.2d 1234 (Okl.Cr.1981); *Campbell v. State,* 462 P.2d 349 (Okl.Cr.1969). Further, the trial court admonished the jury not to consider the mention of the parole violation for any reason except in connection with the date of his release from custody. This Court has held on numerous occasions that when a trial court admonishes the jury not to consider the remarks of counsel, or a witness, the admonition usually cures an error, unless it is of such a nature, after considering the evidence, that the error appears to have determined the verdict. *Wimberli v. State,* 536 P.2d 945 (Okl.Cr.1975); *Kitchens v. State,* 513 P.2d 1300 (Okl.Cr.1973). In light of the overwhelming evidence of guilt in the instant case, coupled with the fact that the appellant received the lightest sentence possible for a conviction after former conviction of a felony, we feel the testimony was not instrumental in the determination of the jury's verdict. Any error that was committed in the instant case was at most harmless error. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). This assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH, J., concurs.

BRETT, P.J., concurs in results.

---

A. Sentence expired on October 29th of 1975. (Tr. 109)

**3.** 21 O.S.1981, § 51A provides as follows:

No person shall be sentenced as a second and subsequent offender under Section 51 of Title 21, or any other section of the Oklahoma Statutes, when a period of ten (10) years has elapsed since the completion of the sentence imposed on the former conviction; provided, said person has not, in the meantime, been convicted of a misdemeanor involving moral turpitude or felony.