Bobbie R. BEAVERS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–752.

Court of Criminal Appeals of Oklahoma.

Nov. 19, 1985.

Rehearing Denied Dec. 18, 1985.

Arthur R. Angel, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Bobbie R. Beavers was convicted in the District Court of Canadian County of one

count of Taking Indecent or Lewd Acts with a Child Under Fourteen. He received a sentence of four years' imprisonment with all but ninety days suspended.

The charges arose from an incident alleged to have occurred October 28, 1982, when he drove two female students of Riverside School, K.W. and C.F., aged ten and eleven years, respectively, home from a basketball game. He was the coach at the school, and voluntarily delivered some of the children to their homes in his truck after they returned to the school on the school bus. After dropping several students off at their homes, one of whom lived in the same apartment complex as K.W. and C.F., he subsequently returned to the school with K.W. and C.F. alone riding in the cab of his truck. It was at this time he is alleged to have put his hand twice into K.W.'s pants, indecently fondling her, and reached across to C.F. to do the same thing, but she jerked away from him. In addition, it was alleged that earlier on the bus back to their school, appellant placed his hand into K.W.'s shirt. Appellant denied all allegations of improper touching.

Appellant first assigns as error the trial court's admission of testimony from the victims' mothers and from police officers who repeated the statements made by the girls to them. He claims that this was hearsay.

On the evening of October 28, 1982, as soon as appellant dropped the girls off at their apartments, they went to K.W.'s mother and told her what had happened. She decided she should take K.W. to the hospital. A policeman, Officer Truby, was summoned to the hospital and spoke with K.W. He gave testimony as to her statements to him. Officer Lingenfelter interviewed K.W. at the hospital and testified as to her statements to him. He interviewed her again on October 29, 1982, in his office at the police station, and testified at trial of her statements to him.

■ The hearsay rule does not exclude every statement repeated by a witness as made by another person. Our Evidence Code, 12 O.S.1981, §§ 2101 et seq., provides

a number of exceptions. One long-recognized exception is that of statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event ...." 12 O.S.1981, § 2803(2). When statements are made nearly contemporaneously with the event, grow out of the event, shed light upon it and tend to explain it, they are admissible as part of the entire transaction, formerly referred to as res gestae. *Munn v. State*, 459 P.2d 628 (Okl.Cr.1969). In *Munn*, we held that the trial judge properly admitted the statements of the eleven-year-old molestation victim to a witness, made while the victim was yet in an excited emotional state following the event.

■ In the present case, when the girls were dropped off at their apartments by appellant, their statements to their mothers were made while still in a state of excitement from the incident. K.W.'s mother said the girls came in and told her the details. C.F. was speaking in an excited and fast manner, while K.W. was tense and crying. The statements to the mothers were admissible though hearsay because they were excited utterances.

■ While they were at the hospital, the police were called. Officers Truby and Lingenfelter each spoke with K.W. at that time. They again spoke with K.W. and C.F. the next day. The first statement by K.W. to the officers occurred two to three hours after appellant dropped the girls off at home. There is no fixed rule as to time and distance from the exciting event for statements to be considered excited utterances. It depends upon the facts and circumstances of each case whether the words are one continuing transaction with the event. The circumstances should exclude the idea of deliberation and fabrication. *Munn*, supra. Due to the ages of the girls, and the setting and nature of the statements, they could reasonably be considered excited utterances. *See also, Zackery v. State*, 572 P.2d 580 (Okl.Cr.1977); *Pettigrew v. State*, 554 P.2d 1186 (Okl.Cr. 1976). However, the statements made sub-

sequent to the evening of the incident would not fall within this exception to the hearsay rule. In light, however, of the mere cumulative effect of the testimony of these subsequent statements, the error does not call for reversal of the case. *Smith v. State*, 635 P.2d 615 (Okl.Cr.1981); *Drennon v. State*, 581 P.2d 901 (Okl.Cr. 1978). The usual problem of hearsay, inability to confront, was not present since the girls, their mothers and the officers were all present at trial and were extensively cross-examined. Appellant too testified at trial, and was examined on the same subject. Any error in this regard was minimized. *Allen v. State*, 611 P.2d 254 (Okl. Cr.1980).

■ As his other assignment of error, appellant contends he was prejudiced because the prosecutor by his asking certain questions of witnesses, put prohibited character and prior bad acts evidence before the jury. The trial judge sustained appellant's motion in limine regarding a particular incident occurring eighteen years earlier involving sexual abuse of a stepdaughter. Nevertheless, the prosecutor asked appellant's wife if in fact there had been abnormal sexual incidents in their family because she had testified they had always had a normal sexual relationship. When she asked what specifically he was referring to, the prosecutor asked her if "your own children ever made any allegations of sexual misconduct by Mr. Ron Beavers?" Appellant's motion for mistrial was overruled but the jury was admonished by the judge to disregard the question. We find that the admonishment to the jury was sufficient to cure any error. *Mahorney v. State*, 664 P.2d 1042 (Okl.Cr.1983); *Banks v. State*, 654 P.2d 631 (Okl.Cr.1982).

The prosecutor asked questions of appellant and appellant's wife as to his reasons for leaving three Kansas teaching positions; insinuating without proving appellant's reasons for leaving were due to complaints of sexual misconduct with students. Appellant urges too that the prosecutor's questions of him and his witnesses insinuated there were complaints by other River-side students against appellant, that he had taken a Riverside student "to the movies" and that he had received psychiatric treatment for problems of sexual deviancy.

■ When the prosecutor asked appellant if he had been treated by a psychiatrist, the jury was admonished by the judge to disregard the question. The rule of *Mahorney*, supra, that admonishment cures such error, applies here as well.

■ The questions put to appellant's wife of appellant's reasons for leaving his jobs in Kansas were unobjected to at trial, and thus not properly preserved and reviewable. *Lavicky v. State*, 632 P.2d 1234 (Okl.Cr.1981). The prosecutor asked appellant of his reasons for resigning his positions in Kansas, and also if he knew of other complaints against him at Riverside, particularly a complaint from one student that appellant had asked her "to go to the movies." The judge allowed the inquiries because the subjects were opened on direct examination and some because of their relevance. We find the court did not abuse the discretion reposed in the trial judge to control the course of the trial, including examination of witnesses. *Lott v. State*, 586 P.2d 70 (Okl.Cr.1978). Furthermore, "[i]t is always permissible to cross-examine a witness to determine his credibility, or to undermine it." *Cummings v. State*, 578 P.2d 377, 379 (Okl.Cr.1978) (citing *Chase v. State*, 541 P.2d 867 (Okl.Cr.1975)). Appellant had raised the issue of the reasons for his resignations. Thus, it was permissible for the prosecution to attempt to impeach his testimony.

Finding no error warranting reversal or modification, judgment and sentence is **AFFIRMED.**

PARKS, P.J., dissents.

BRETT, J., concurs.

PARKS, Justice, dissenting:

This case should be reversed and remanded for a new trial.

In reading the transcript, it is apparent the mother of the victim, K.W., was permit-

ted to testify to what C.F. had told her had happened to K.W. This is a flagrant use of hearsay testimony, and one that does not fall within the exceptions to the rule. Any statement taken by the police from C.F. occurred too remote in time to be an "excited utterance" exception to the hearsay rule. I feel that *Munn v. State*, 459 P.2d 628 (Okl.Cr.1967), cited by the majority, does not apply.