RE: PROSECUTION UNDER THE BOGUS CHECK STATUTE FOR DEBTS ON AN OPEN ACCOUNT.
ATTORNEY GENERAL HENRY HAS DIRECTED ME TO RESPOND TO YOUR REQUEST FOR AN OFFICIAL OPINION FROM THIS OFFICE ADJUDICATING, IN EFFECT, WHETHER THE PROVISIONS OF 21 O.S. 1541.1 (1981), PERMIT THE PROSECUTION FOR MAKING PAYMENT ON AN OPEN ACCOUNT WITH A FALSE OR BOGUS CHECK AND IF NOT, ARE THERE ANY OTHER PROVISIONS WHICH PERMIT PROSECUTION FOR PAYMENT GIVEN ON AN OPEN ACCOUNT WITH A FALSE OR BOGUS CHECK.
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CLEARLY CONTROLLING STATUTES AND CASE LAW AUTHORITY, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NEITHER DESIRABLE NOR NECESSARY. THE DISCUSSION WHICH FOLLOWS IS THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
TITLE 21 O.S. 1541.1, IN PERTINENT PART, MAKES IT A CRIME FOR ANY PERSON WITH THE INTENT TO CHEAT AND DEFRAUD, TO OBTAIN OR ATTEMPT TO OBTAIN MONEY, PROPERTY, OR VALUABLE THINGS BY MEANS OF OR BY USE OF ANY FALSE OR BOGUS CHECK. 21 O.S. 1541.1 (1981). YOUR FIRST QUESTION PRESENTED IS WHETHER A DISTRICT ATTORNEY CAN PROSECUTE UNDER THIS STATUTE FOR PAYMENT WITH A FALSE OR BOGUS CHECK WRITTEN FOR GOODS OR SERVICES OBTAINED ON AN OPEN ACCOUNT.
THE LANDMARK CASE OF JONES V. STATE, 9 OKL.CR. 621,132 P. 914 (1913), CLEARLY SETS FORTH THAT ONE CANNOT BE PROSECUTED UNDER 1541.1 FOR MAKING PAYMENT UPON AN OPEN ACCOUNT WITH A CHECK WHICH IS DRAWN UPON A CLOSED OR NON-EXISTENT CHECKING ACCOUNT. IN JONES, THE DEFENDANT PURCHASED GOODS OVER A THREE OR FOUR DAY PERIOD AND SUBSEQUENTLY MADE PAYMENT WITH A CHECK WHICH WAS NOT HONORED. THE COURT OF CRIMINAL APPEALS, IN OVERTURNING JONE'S CONVICTION UNDER THE PREDECESSOR STATUTE TO 21 O.S. 1541.1, STATED:
 "A PROSECUTION FOR OBTAINING MONEY OR OTHER PROPERTY UPON FALSE PRETENSES MUST BE BASED UPON FACTS AS THEY EXISTED AT THE TIME OF, AND BE A CONDITION PRECEDENT TO, THE PARTING WITH THE PROPERTY BY THE OWNER. IF ONE BUYS MERCHANDISE ON TIME. AND LATER GIVES A BAD CHECK IN AN ATTEMPT TO PAY THE DEBT. THERE IS NO FALSE PRETENSE, AND SUCH TRANSACTION DOES NOT COME WITHIN THE PURVIEW OF SECTION 2694. REVISED LAWS. JONES, 132 P. AT 915 (EMPHASIS ADDED)."
THE JONES CASE HAS LONG SINCE BEEN THE LAW IN THE STATE OF OKLAHOMA AND HAS NOT BEEN OVERRULED OR INTERPRETED ANY DIFFERENTLY OVER THE YEARS. FURTHERMORE, THIS RULE OF LAW IS IN ACCORDANCE WITH ART. II, 13 OF THE OKLAHOMA CONSTITUTION WHICH STATES THAT IMPRISONMENT FOR A DEBT IS PROHIBITED, EXCEPT FOR THE NON-PAYMENT OF FINES AND PENALTIES IMPOSED FOR THE VIOLATION OF THE LAW. THEREFORE, IN ANSWER TO YOUR FIRST QUESTION, THE PROVISIONS OF 21 O.S. 1541.1 DO NOT PERMIT A DISTRICT ATTORNEY TO PROSECUTE AN INDIVIDUAL FOR MAKING PAYMENT FOR GOODS PURCHASED ON AN OPEN ACCOUNT WITH A CHECK WHICH IS DRAWN UPON A NON-EXISTENT OR CLOSED ACCOUNT OR AN ACCOUNT WITH INSUFFICIENT FUNDS.
SINCE THE ANSWER TO YOUR FIRST QUESTION IS IN THE NEGATIVE, IT APPEARS THAT A RESPONSE TO YOUR SECOND QUESTION IS NOT REQUIRED, AS YOU ONLY REQUESTED AN ANSWER IF THE FIRST QUESTION WAS IN THE AFFIRMATIVE. HOWEVER, CASE LAW DOES SPECIFICALLY STATE THAT A DISTRICT ATTORNEY CANNOT BRING A PROSECUTION FOR FAILURE TO MAKE PAYMENT FOR SERVICES RENDERED. IN EX PARTE WHEELER, 7 OKL.CR. 562, 124 P. 764
(1912), THE COURT OF CRIMINAL APPEALS ADDRESSED THE ISSUE OF PROSECUTION FOR FAILURE TO PAY A DEBT FOR SERVICES. THE COURT STATED THAT THE "CRIMINAL LAWS OF OKLAHOMA CANNOT BE USED FOR THE COLLECTION OF DEBTS CREATED FOR ANY KIND OF PROFESSIONAL OR PERSONAL SERVICES". WHEELER, 124 P. AT 764. THEREFORE, IT APPEARS THAT THE LAW IS CLEAR THAT A PROSECUTION CANNOT BE BROUGHT FOR A DEBT FOR SERVICES AS WELL AS FOR A DEBT FOR GOODS.
YOUR THIRD QUESTION ASKS WHETHER THERE IS ANY OTHER STATUTE WHICH CAN BE USED TO PROSECUTE FOR FAILURE TO PAY ON AN OPEN ACCOUNT CREATED FOR EITHER GOODS OR SERVICES. IN WHEELER, SUPRA, THE STATE CONCEDED THAT THERE WAS NO STATUTE UNDER WHICH THE PROSECUTION COULD BE MAINTAINED AND THE COURT OF CRIMINAL APPEALS AGREED. IN HIXSON V. STATE, 598 P.2D 268 (OKL.CR.1979), THE DEFENDANT WAS CHARGED WITH OBTAINING MONEY BY FALSE PRETENSES. THE COURT OF CRIMINAL APPEALS FOUND THAT THE DEFENDANT PROMISED TO DELIVER PHOTOGRAPHS WITHIN A CERTAIN AMOUNT OF TIME IN EXCHANGE FOR THE BUYER'S MONEY. THE PHOTOGRAPH'S WERE NOT DELIVERED IN TIME ALTHOUGH SOME BUT NOT ALL OF THE MONEY HAD BEEN PAID. THE COURT STATED THAT THERE WAS NO EVIDENCE OF INTENT TO DEFRAUD AND A PROSECUTION UNDER THE FALSE PRETENSES STATUTE COULD NOT STAND. THE COURT CONCLUDED THAT ANY BREACH OF THE OBLIGATION INCURRED MUST BE REMEDIED BY A CIVIL SUIT. HIXSON, 598 P.2D AT 269. AFTER A READING OF THE CASE LAW, THE STATUTES AT ISSUE HEREIN AND THE OKLAHOMA CONSTITUTION, IT APPEARS THAT THERE IS NO LAWFUL MEANS BY WHICH A DISTRICT ATTORNEY MAY PROSECUTE FOR A FALSE OR BOGUS CHECK GIVEN IN PAYMENT OF AN OPEN ACCOUNT CREATED FOR GOODS OR SERVICES.
(DIANE L. SLAYTON)